IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

HOSEA GRIFFIN,

    Petitioner

VS.

ROSE WILLIAMS,

    Respondent

NO. 5:07-CV-25 (HL)

PROCEEDINGS UNDER 28 U.S.C. § 2254
BEFORE THE U.S. MAGISTRATE JUDGE

# RECOMMENDATION

  Petitioner HOSEA GRIFFIN has filed a petition for federal habeas corpus relief. Tab #1. Respondent ROSE WILLIAMS has filed a Motion to Dismiss the petition for failure to exhaust state remedies. Tab #9. Petitioner has responded to the respondent's motion. Tab #11.

  It has been well settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (*citing* **Ex Parte Royall**, 117 U.S. 24l (1886)). This exhaustion requirement has been codified in 28 U.S.C. §§2254 (b) and (c) and reflects a policy of comity between state and federal court. It is "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (*quoting* **Fay v. Noia**, 372 U.S. 391, 438 (1963)).

  The exhaustion requirement was also designed to minimize friction between the state and federal courts. "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile an effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). It has also been emphasized that the federal claim "must be fairly presented to the state courts." *Picard v. Connor, supra,* 404 U.S. at 275.

## DISCUSSION

Petitioner argues that the state remedy has proven to be ineffective because the Superior Court did not rule on his petition within ninety days of its being filed, citing O.C.G.A. §15-6-21. The Eleventh Circuit recently issued a ruling on a substantially identical claim in an unpublished opinion, ***Jackson v. Walker***, 206 Fed. Appx. 967 (11th Cir. 2006) (*per curium*). That case provided a full analysis,[1] and found that in a case where there has been a delay in the state's ruling on a petition, the petitioner still had state remedies available to him in the form of a state mandamus action to force the Superior Court to make a ruling.

---

[1] Because ordinary appellate procedure in Georgia authorizes habeas review in the Georgia Supreme Court, a petitioner must avail himself of that procedure before we will deem all state remedies to be exhausted. **Pope v. Rich**, 358 F.3d 852, 854 (11th Cir.2004) (citing O.C.G.A. § 9-14-52).

Further, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, *by any available procedure*, the question presented." 28 U.S.C. § 2254(c) (emphasis added). We have noted that a district court should only "in rare instances ... deviate from the exhaustion requirement." **Hughes v. Stafford**, 780 F.2d 1580, 1581 (11th Cir.1986). Even in cases where the claims of defects in the state correctional system presented by a prisoner may "rise to a constitutional level involving the denial of due process," our precedent has expressed a desire that such claims be first presented in a state forum. **Reynolds v. Wainwright**, 460 F.2d 1026, 1027 (5th Cir.1972).

Upon a review of Georgia civil procedure, it appears that Jackson has an available state procedure in which to raise the question he presents in his habeas petition. Georgia law provides that, "[a]ll official duties should be faithfully performed; and whenever, from any cause, a defect of legal justice would ensue from a failure to perform ... the writ of mandamus may issue to compel a due performance, if there is no other specific legal remedy for the legal rights." O.C.G.A. § 9-6-20. A writ of mandamus "is an extraordinary remedy that is only available if no other adequate legal remedy exists," **Mayo v. Head**, 280 Ga. 793, 631 S.E.2d 108, 109 (2006), however, the Georgia Supreme Court has considered mandamus proper to compel a superior court judge to schedule a hearing to consider a prisoner's state habeas motion. **Rickett v. State**, 276 Ga. 609, 581 S.E.2d 32, 33-34 (2003).

Superior court judges have the duty to enter a ruling, and notify the parties of that ruling, within 90 days, at the latest, from hearing a motion of any nature. See O.C.G.A. § 15-6-21. Where a judge has not issued a ruling within the period authorized by statute, "[t]he only remedies for violation of the statute are mandamus and impeachment of the judge." **Brooks v. State**, 265 Ga. 548, 458 S.E.2d 349, 352 (1995).

Here, [the petitioner] filed his state petition for habeas relief and appeared at an evidentiary hearing in 2004. The statutory period in which the judge must rule on his motion has clearly come and passed, which, under Georgia law, would allow Jackson the opportunity to seek a writ of mandamus. Thus, [the petitioner] has not exhausted all state remedies because Georgia law allows him to seek a writ of mandamus, compelling the superior court to rule on his state habeas petition.

206 Fed. Appx. at 968-969 (footnote omitted).

Since it appears that petitioner GRIFFIN has not filed a mandamus action, he has failed to exhaust his state remedies. Accordingly, IT IS RECOMMENDED that the respondent's Motion to Dismiss be GRANTED and that the instant petition be DISMISSED *without prejudice*.[2] Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned, **WITHIN TEN (10) DAYS** after being served with a copy thereof.

In light of the petitioner's failure to file a mandamus action, the issue of whether any delay in ruling on petitioner's state petition[3] would render the state remedy ineffective is moot and will not be dealt with in this Recommendation.

SO RECOMMENDED this 1st day of MAY, 2007.



                                                                          CLAUDE W. HICKS, JR.
                                                                          UNITED STATES MAGISTRATE JUDGE

---

[2] Dismissals for failure to exhaust state remedies are always *without* prejudice

[3] Respondent has shown that the state has not yet ruled on Petitioner's state habeas corpus petition but has also demonstrated that petitioner's instant [federal] petition was filed on January 22, 2007; the transcript from petitioner's state habeas hearing, which was held on August 6, 2006, was not even made ready and mailed to the parties until sometime near February 17, 2007. Tab #9-2 at 2-3.